INFANTS ⬅16—FACT OF DELINQUENCY AND EXTENT OF PUNISHMENT ARE EXCLUSIVELY FOR THE JURY.

On an information under Code Cr. Proc. tit. 17, as amended by Acts 35th Leg. 4th Called Sess. (1918) c. 26, charging defendant with being a delinquent child, and where a jury was demanded and impaneled and found defendant to be a delinquent child, the trial judge was without authority to fix the punishment, as defendant's guilt, as well as the amount of his punishment, was exclusively within the province of the jury.

Appeal from Bexar County Court; J. R. Davis, Judge.

Elmer Gebhardt was found to be a delinquent child, and committed to the custody of the Bexar County Training School upon an indeterminate sentence of from two to five years, and he appeals. Reversed, and cause remanded.

W. C. Linden and Joe H. H. Graham, both of San Antonio, for appellant.
Alvin M. Owsley, Asst. Atty. Gen., for the State.

MORROW, J. The information charged and the jury found that the appellant was a delinquent child. The court entered judgment committing him to custody of the Bexar County Training School upon an indeterminate sentence of from two to five years. A jury having been demanded and impaneled, the trial judge was without power or authority to fix the punishment. The guilt of the appellant, as well as the amount of his punishment, was a matter exclusively within the province of the jury. This was held in Ex parte Pruitt, 200 S. W. 394, and in a number of cases therein referred to.

The facts in evidence do not support the allegations of the complaint, they are insufficient to show that appellant violated any of the laws of the state, and do not afford an adequate foundation for the verdict rendered.

Interesting questions are suggested concerning the validity of some of the provisions of the Delinquent Child Act, title 17, Texas C. C. P., amended in chapter 26, Acts 35th Leg. 4th Called Sess. (1918). We are furnished no brief supporting the contentions advanced; and the questions raised are in the nature of an attack upon the constitutionality of the law, and, it not being necessary to the disposition of the case, we pretermit a discussion of them.

The judgment is reversed, and the cause remanded.

DE HART v. STATE.   (No. 5536.)

(Court of Criminal Appeals of Texas. Feb. 25, 1920.)

ABDUCTION ⬅17—ON ABDUCTION WITH INTENT TO FORCE GIRL INTO MARRIAGE, PUNISHMENT LIMITED TO FINE.

In a prosecution for abduction, where the indictment did not charge that after the abduction defendant married the girl, and it appeared that he abducted her with the intent of forcing her into a marriage with himself, he was, under Pen. Code 1911, art. 1059, guilty only of a misdemeanor, punishable by fine, and a charge authorizing a conviction for felony pursuant to article 1062, denouncing abduction with intent of forcing the woman into prostitution, was erroneous.

Appeal from District Court, Robertson County; John Watson, Judge.

John De Hart was convicted of abduction, and he appeals. Reversed and remanded.

B. L. Palmer, of Houston, for appellant.
Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant, under an indictment charging abduction of a girl under 14 years of age for the purpose of forcing her into marriage, was convicted and given the felony punishment denounced by article 1062, P. C.

The indictment did not charge or attempt to charge that after the abduction that he in fact did marry the girl. The court charged the jury that, if appellant abducted the girl and did thereafter force her into marriage, they would find him guilty of a felony and assess his punishment at not less than two nor more than 5 years in the penitentiary.

Under article 1059, P. C., the abduction may be with the intent to force the girl into marriage or for the purpose of prostitution. This indictment does not charge the abduction was for the purpose of prostitution, but only for the purpose of forcing the girl into marriage with himself. This would not justify the court to submit punishment for a felony. If the abduction occurred for, the purpose of forcing the girl into marriage, and that is the state's case as charged in the indictment, the punishment would be by fine not to exceed $2,000, which would be a misdemeanor, but the court here authorized the conviction for the felony, and he was allotted a punishment in the penitentiary for such felony. The court could only authorize the conviction for the misdemeanor. This charge is clearly wrong, and authorized a conviction for an offense not charged in the indictment.

The judgment will be reversed, and the cause remanded.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes